**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone: (415) 488-8041
Facsimile: (415) 651-9700
*Attorney for Plaintiff*,
Shenghang Zhang

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| **SHENGHANG ZHANG** | Case No.: _____ |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| **CAPITAL ACCOUNTS, LLC;** | |
| Defendant | |

///

///

///

///

**COMPLAINT CASE NO.** _____

## INTRODUCTION

1. This is a case about a debt collector who, despite knowing where the Plaintiff lived and without consent, harassed him by calling to collect an alleged debt from him prior to 8am.

2. **SHENGHANG ZHANG** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorney fees, and costs, against **CAPITAL ACCOUNTS, LLC** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), and the common law torts of negligence and invasion of privacy, all of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

7. According to 15 U.S.C. § 1692:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
   e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses.

8. The California Legislature found that:

   The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## JURISDICTION AND VENUE

---

[1] Cal. Civil Code § 1788.1(a)(1).

**COMPLAINT CASE NO.** _____   Page 3 of 10

9. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States , and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

10. This action arises out of Defendant's violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), and tortious acts of negligence and invasion of privacy.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transact business here.

## INTRADISTRICT ASSIGNMENT

12. Intradistrict assignment to the SAN FRANCISCO / OAKLAND DIVISION is proper because this case's category is not excepted by Civil L.R. 3-2(c) and a substantial part of the events or omissions which give rise to the claim occurred in the county of ALAMEDA.

## PARTIES

13. Plaintiff is a natural person who resides in the County of Alameda, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §

1692a(3) and "Debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Defendant Capital Accounts, LLC (hereinafter "Defendant Capital") is a Tennessee corporation operating from an address of 310 Billingsly Ct, Franklin, TN 37067, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

15. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

16. Plaintiff is an individual residing in the County of Alameda in the State of California.

17. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

18. Defendant's business consists solely of the acquisition and collection of delinquent consumer debts.

19. On or about June 16, 2017 at approximately 6:00 am, Plaintiff received an unsolicited telephone call on his cell phone (number ending in -9264) from Defendant who stated that they were calling in an attempt to collect a debt

allegedly owed by Plaintiff.

20. Plaintiff at no time gave Defendant prior consent for the call nor did Defendant have the express permission of a court of competent jurisdiction.

## ACTUAL DAMAGES

21. Plaintiff has suffered actual damages as a result of this illegal collection and intimidation tactic by this Defendant in the form of, invasion of privacy, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF § 1692C OF THE FDCPA

22. A debt collector violates § 1692c of the FDCPA when, without prior consent or express permission of a court of competent jurisdiction, it communicates with an alleged debtor in connection with the collection of a debt prior to 9:00am at the alleged debtor's local time.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant violated § 1692c when it willfully placed a telephone call to Plaintiff in connection with the collection of a debt at 6:00am Plaintiff's local time.

### COUNT II

## VIOLATION OF § 1692D OF THE FDCPA

25. A debt collector violates § 1692d of the FDCPA when it engages in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant violated § 1692d when it willfully annoyed, abused, harassed Plaintiff by placing a telephone call to Plaintiff in connection with the collection of a debt at 6:00am Plaintiff's local time.

## COUNT III

## VIOLATION OF § 1788.17 OF THE RFDCPA

28. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692c, and § 1692d.

## COUNT IV

## NEGLIGENCE

31. A defendant is liable for the tort of negligence when it fails to use reasonable

care to prevent harm to others, and when the defendant's actions or failure to act is a substantial factor in causing harm to the plaintiff.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendant violated at least one of its general duties of care to Plaintiff when it, inter-alia, willingly harassed Plaintiff.

34. As a direct result of Defendant's lack of due care, Plaintiff suffered actual damages in an amount to be proven at trial.

## COUNT V

### INVASION OF PRIVACY

35. A defendant is liable for the tort of invasion of privacy when it intentionally intrudes upon a plaintiff's reasonable expectation of privacy in a way that is highly offensive to a reasonable person, and, as a result that intrusion is a substantial factor in causing harm to the plaintiff.

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Plaintiff had a reasonable expectation of privacy both in his cellphone at 6:00 am. Defendant intentionally intruded on that in a highly offensive manner with the motive and goal to coerce Plaintiff into paying it money.

38. Defendant's conduct was a substantial factor in causing Plaintiff actual harm in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

a) Award of compensatory damages for losses, in an amount to be determined at trial, pursuant to the common law of torts against Defendant and for Plaintiff, and,

b) Award for interest on the amount of losses incurred at the prevailing legal rate against Defendant and for Plaintiff, and,

c) Award for pre-judgment interest against Defendant and for Plaintiff, and,

d) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendant and for Plaintiff, and,

e) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant and for Plaintiff, and,

f) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against Defendant and for Plaintiff, and,

g) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendant and for Plaintiff, and,

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

h) Award to Plaintiff of such other and further relief as may be just and proper.

## CERTIFICATION OF INTERESTED PARTIES

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

BY: /s/ MICHAEL F. CARDOZA
MICHAEL F. CARDOZA, ESQ.

## TRIAL BY JURY IS DEMANDED.

39. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

THE CARDOZA LAW CORPORATION

DATED: July 3, 2017

BY: /s/ MICHAEL F. CARDOZA
MICHAEL F. CARDOZA, ESQ.
(SBN: 194065)
MIKE.CARDOZA@CARDOZALAWCORP.COM
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 488-8041
FACSIMILE:  (415) 651-9700

ATTORNEY FOR PLAINTIFF,
SHENGHANG ZHANG